IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Valerie M. Goodman,<br><br>                    Plaintiff,<br><br>          v.<br><br>Volt Information Sciences, Inc., and Schneider Electric USA, Inc.,<br><br>                    Defendants. | C/A No. 3:14-cv-458-MGL-KDW<br><br>REPORT AND RECOMMENDATION |

The court stayed this employment matter on March 4, 2014, pending the parties' completion of arbitration. ECF No. 10. At the court's request, counsel in this matter provided a status report on July 9, 2015, in which they informed the court that Plaintiff had never initiated the arbitration process. In the status report, Defendants requested that the court lift the stay. ECF No. 27. In its August 6, 2015 Order, the court lifted the stay and granted the motion to relieve Plaintiff's then-counsel, Janet E. Rhodes. ECF No. 30.[1] The court instructed Plaintiff of her duty to keep the court apprised of her mailing address. *Id.*

This matter is now before the court on Defendants' Motion to Dismiss for Failure to Prosecute. ECF No. 29.[2] As Plaintiff is proceeding pro se, on August 6, 2015, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of motions to dismiss and of the need for her to file adequate responses to the pending Motion. ECF No. 32. Plaintiff was informed that her response to the Motion to Dismiss was due no later than 34 days after the date of the August 6, 2015 Order (September 11, 2015). ECF No. 32.

---

[1] Ms. Rhodes advised the court that she had been unable to reach Plaintiff. Further, Plaintiff proffered no objection to Ms. Rhodes' request to be relieved.

[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). Because the pending Motion is dispositive, this Report and Recommendation ("R&R") is entered for the district judge's consideration.

Plaintiff was specifically advised that if she failed to respond adequately, Defendants' Motion may be granted and her case could be ended. *Id.* At the court's instruction, the Clerk of Court sent the *Roseboro* Order to Plaintiff by both regular and certified mail at the last-known address made available to the court. The copy of the Order sent by certified mail has been returned as undeliverable. Plaintiff has filed no response to Defendants' Motion to Dismiss for Failure to Prosecute, nor has she otherwise contacted the court regarding this matter.

In addition to failing to respond to the court's order, Defendants advise that Plaintiff never pursued arbitration through the American Arbitration Association ("AAA") as she, through counsel, had agreed to do on or around February 24, 2014. *See* Defs.' Mot. 2; *see also* March 4, 2014 Order to Stay Action Pending Arbitration, ECF No. 10 (noting the parties' joint request that the matter be stayed pending arbitration). Despite that agreement, the court is advised that Plaintiff never filed her demand to arbitrate with the AAA and has not been in contact with her former counsel since about February 19, 2014.

As Plaintiff has made no efforts to pursue arbitration and has not communicated with the court concerning the pending Motion to Dismiss, it appears to the court that Plaintiff does not oppose the pending dispositive motion and wishes to abandon this action. Based on the foregoing, the undersigned recommends the Motion to Dismiss, ECF No. 29, be *granted* and this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). The Clerk of Court is instructed to send this R&R to Plaintiff at her last-known address by way of both regular and certified U.S. Mail.

IT IS SO RECOMMENDED.

*Kaymani D. West*

September 18, 2015                                                          Kaymani D. West
Florence, South Carolina                                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

2